IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL ANGELO McCLAIN         PETITIONER

VS.      CASE NO. 2:12CV00020 BSM/HDY

T.C. OUTLAW,
WARDEN, FCI FORREST
CITY, ARKANSAS             RESPONDENT

**ORDER**

  The petitioner, in federal custody at FCI Forrest City, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. McClain alleges the respondent has erred in the petitioner's housing assignment and in refusing to allow the petitioner to participate in a drug treatment program. The respondent counters that the petition should be dismissed because the petitioner failed to properly exhaust his administrative remedies. In support of the motion to dismiss the respondent has submitted documents which indicate the petitioner filed Administrative Remedy Requests in January of 2012. These requests were denied by the Warden and, according to the respondent, no appeal was taken of the Warden's decision.

  A prisoner is typically required to exhaust his administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. *See United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). A prisoner aggrieved by an action of the BOP is required to exhaust his administrative remedies by presenting his grievance to the BOP in accordance with the provisions of the administrative procedure codified at 28 C.F.R. § 542.10 through 542.19. Under the procedure,

1

the prisoner first seeks informal resolution of his grievance with the prison staff.  If informal resolution fails, the prisoner then pursues a three-step process within the prescribed time intervals.  The prisoner formally appeals to the Warden, then to the Regional Director, and last to the Office of General Counsel.  The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step.  *See Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004).

In this instance, the petitioner will be allowed to respond to the allegation that he has failed to exhaust his available administrative remedies.  The petitioner is directed to submit a response on or before March 26, 2012, addressing this issue.  The failure to adequately exhaust administrative remedies may result in dismissal of the petition.

IT IS SO ORDERED this  1   day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE