IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL ANGELO McCLAIN                                            PETITIONER

VS.                    CASE NO. 2:12CV00020 BSM/HDY

T.C. OUTLAW,
WARDEN, FCI FORREST
CITY, ARKANSAS                                                    RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

  2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

  The petitioner, in federal custody at FCI Forrest City, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he is being confined in administrative segregation and being denied the right to participate in an inmate drug program. In his petition, he concedes that "administrative remedies have not been exhausted but should be excused." Petition, page 2. Petitioner states that he is in federal custody due to a conviction on the charge of possession of marijuana with intent to distribute, for which he received a 72 month sentence following the entry of a guilty plea.

  The respondent contends the petition should be dismissed due to the petitioner's failure to exhaust his available administrative remedies. By Order of the Court dated March 1, 2012, the petitioner was notified of his opportunity to respond to the allegation that he has failed to exhaust

his administrative remedies. Docket entry no. 6. On March 8, the petitioner sought additional time in which to file his response to the Court's Order, noting he has limited time in the law library. Docket entry no. 9. The Court allowed additional time for Mr. McClain to respond, directing him to file a pleading on or before April 25, 2012. Docket entry no. 10. On April 2, 2012, the petitioner filed a motion for appointment of counsel. Docket entry no. 12. This motion was subsequently denied. Docket entry no. 13. The petitioner has not otherwise responded to the Court's invitation to explain why he did not fully pursue his administrative remedies.

A prisoner is typically required to exhaust his administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. *See United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). A prisoner aggrieved by an action of the BOP is required to exhaust his administrative remedies by presenting his grievance to the BOP in accordance with the provisions of the administrative procedure codified at 28 C.F.R. § 542.10 through 542.19. Under the procedure, the prisoner first seeks informal resolution of his grievance with the prison staff. If informal resolution fails, the prisoner then pursues a three-step process within the prescribed time intervals. The prisoner formally appeals to the Warden, then to the Regional Director, and last to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. *See Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004).

In this instance, the respondent claims the petitioner filed an administrative remedy request at the facility level on January 24, 2012. Docket entry no. 5, Exhibit C. This request was, according to the respondent, denied on February 2, 2012. Further, respondent notes that the petitioner has not appealed the denial of his administrative remedy request. Docket entry no. 5, Exhibit C, page 3. As previously noted, the petitioner appears to concede that he has not fully pursued the

administrative remedies available to him.

In this instance, the Court is left to speculate how the BOP would decide the issues now raised by Mr. McClain. In other words, the petitioner has failed to seek relief via the administrative remedies available to him. We find no reason why the petitioner should be excused from pursuing his administrative avenues of relief; it appears to be his opinion, not an established fact, that such an exercise would be futile. As a result, we recommend that the petition be dismissed without prejudice due to the petitioner's failure to exhaust his available administrative remedies.

IT IS SO ORDERED this __23__ day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE